UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE PATTERSON,

               Petitioner,

-vs-                                              Case No.  8:03-cv-411-T-17TBM

JAMES V. CROSBY, JR.,

               Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Jamie Patterson (Patterson's) 28 U.S.C. § 2254 petition for writ of habeas corpus.  Patterson challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

BACKGROUND

Patterson was charged by indictment with First Degree Murder, was convicted by a jury.  On December 4, 1998, the state trial court sentenced Patterson to life in prison. (Exh. 001).

Patterson appealed, raising the following issues: 1) whether the trial court erred in admitting alleged hearsay as a dying declaration;  2) whether the trial court erred in denying Patterson's motion to strike Juror Maller; and, 3)  whether Patterson was denied a fair trial by the State's alleged improper closing argument.

The state district court of appeal, in case number 2D98-4733, per curiam affirmed Patterson's judgment and conviction. <u>Patterson v. State</u>, 768 So. 2d 1081 (Fla. 2d DCA 2000).

On June 20, 2001, Patterson filed a Rule 3.850 motion for postconviction relief, alleging that his trial counsel was ineffective because trial counsel failed to:

1. advance voluntary intoxication as a defense;

2. object to the State's use of the dying declaration on grounds that said declaration constituted a discovery violation;

3. object to the State's improper closing argument.

The trial court, after an evidentiary hearing (Respondent's Exh. 006), denied Patterson's Motion on May 15, 2002. Patterson appealed. The state district court of appeal per curiam affirmed the denial of relief on December 18, 2002. <u>Patterson v. State</u>, 840 So. 2d 240 (Fla. 2d DCA 2002) [Table].

THE PRESENT PETITION

Patterson raises four grounds in the present timely-filed federal petition:

1. The trial court erred by allowing the State to use the victim's dying declaration as evidence;

2. The State made improper closing argument, by improperly shifting the burden of proof, bolstering the credibility of a State's witness, attacking credibility of defense witnesses, and inviting the jury to consider non-record evidence;

3. Petitioner's counsel was ineffective for failing to:

a. advance a voluntary intoxication defense;
b. object to the State's use of the victim's dying declaration;
c. object to the improper closing arguments;

4. the trial court erred by allowing Juror Maller to sit on the jury panel.

-2-

STANDARDS OF REVIEW

Because Patterson filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle,

not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision.   Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).   Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court

-4-

precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal

court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

### Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002). Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. Parker v. Head, 244 F.3d at 835-837. "[T]he Strickland test provides sufficient guidance for

resolving virtually all ineffective-assistance-of-counsel claims." <u>Williams</u>, 529 U.S. at 391.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Patterson's petition for writ of habeas corpus must be **DENIED**.

Ground One: Dying Declaration

Patterson asserts that the trial court improperly allowed the State to present a statement made by the dying victim. He alleges that this evidence was not a dying declaration and should have been excluded. This issue was fully briefed in Petitioner's direct appeal.

The record reflects that Patterson had stabbed his victim numerous times, and that law enforcement interviewed the victim at the emergency room immediately prior to the victim's being taken in for surgery, at which time there was a serious wound to the victim's neck that required constant pressure to reduce the bleeding (Trial transcript, page 141). The trial court took a proffer of the evidence and made a ruling based upon that  evidence. (Trial transcript pp. 143-145,  318).  Florida law supports the trial court's conclusions. <u>Pope v. State</u>, 679 So. 2d 710 (Fla. 1996).

Ground One does not warrant habeas corpus relief.

Ground Two: The State Court's Improper Closing Argument

Patterson alleges that the State improperly shifted the burden of proof, bolstered credibility of its own witnesses, attacked the credibility of defense witnesses, and urged the jury to consider non-record evidence.  These claims lack merit.

The assertion that the State improperly shifted the burden of proof is not supported by the record. There is a difference between responding to claims raised by the defense and shifting the burden of proof. In this instance, the State was commenting on the defendant's arguments suggesting that the victim could have been stabbed by anyone (Trial transcript p. 376), and not necessarily by Patterson. This defense assertion was unsupported by any testimony, and the State responded by demonstrating to the jury that there was no support for this argument (Trial transcript p. 379). The trial judge admonished the prosecutor, and the State moved on to other matters; however, the State's argument was not one of shifting the blame to the Defendant, and the state district court of appeal agreed with this conclusion by affirming the conviction and sentence.

Next, Patterson contends that the State improperly bolstered the testimony of a state's witness. The witness in question was the victim, Arvin Sheppard. The state's argument was that Arvin Sheppard's testimony proved the case beyond a reasonable doubt; later, during rebuttal, the State argued that while the defense asserted that the police had done a shoddy job, "the police have got the murderer and he's sitting right there" (Trial transcript p. 396). This situation does not constitute bolstering, and instead is nothing more than an exploration of the inferences available from the evidence admitted at trial.

Next, Patterson asserts that the State improperly attacked the credibility of a defense witness, while asking the jury to consider evidence that was not part of the record. The state's argument here was directed towards three defense witnesses: two

-8-

of whom were charged with murder and who, the testimony revealed, were receiving regular visits from a psychiatrist; and another who, the State asserted, had been in and out of jail so often that he no longer knew in which one he was living. (Trial transcript p. 387-388). These arguments were explored by the state district court of appeal,  the entire record before affirming Patterson's conviction.  The state district court of appeal properly affirmed the state trial court's denial of relief.

Ground two does not warrant habeas corpus relief.

Ground Three: Ineffective Assistance of Counsel

Patterson alleges that his counsel was ineffective for failing to advance a voluntary intoxication defense.  The trial court heard testimony on this issue, and the record evidence supports the state trial court's conclusion that no relief was warranted. While Patterson asserted that he gave his attorney the names of witnesses who might have assisted in advancing his claim of voluntary intoxication (post-conviction transcript, p. 140), Patterson also testified that he had always told his attorney that he was not guilty of the charges and that the cab driver was still alive when Patterson "bolted" from the cab and ran away without paying the fare (post-conviction transcript, p. 144-145).

Similarly, Patterson's attorney, John Swisher testified that his tactic had been to show that Patterson was not  responsible for the homicide. Patterson did not, at any time, indicate to Swisher that he was willing to admit to committing the offense, as is required when advancing a voluntary intoxication defense (post-conviction transcript, p. 149-150).

Even if this Court were to conclude that Patterson's attorney had a responsibility to explore a voluntary intoxication defense, this does not of necessity mandate a conclusion that counsel was ineffective.  Swisher testified that the available evidence did not support such a  defense because Patterson denied any responsibility for the homicide, and it was inconsistent to assert innocence while at the same time advancing a defense of voluntary intoxication. Refusal to advance such a conflicting position is not evidence of ineffectiveness.  Rather, it is a matter of trial strategy which Patterson' attorney properly considered and rejected at the time of trial. Downs v. State, 453 So. 2d 1102, 1108-09 (Fla. 1984)("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Patterson alleges that counsel was ineffective  for failing to  object to the State's use of the victim's dying  declaration.  In his Rule 3.850 motion, Patterson claimed "Defendant contends that counsel erred by failing to object to the admission of the victim's statement since it was not disclosed to the defense during discovery."  The state trial court found that the victim's statement was disclosed in discovery, and that the claim was without merit.  To the extent that the present claim is not procedurally barred because it is different from the claim raised in state court, the claim has no merit. The trial transcript demonstrates that trial counsel did object to the victim's statement and hearsay statements from officers related to the statement.  (Trial transcript, Vol. 3,   T   213-215,   254-257; Vol. 4, 311-314, 133-134, 139-141). Therefore, this claim is without merit.

Patterson alleges that counsel was ineffective for failing to object to the improper closing arguments. Patterson alleges that the prosecution expressed improper, personal opinion during closing argument and counsel failed to object to the improper conduct. Patterson referred to the prosecutor's comments that "Arvin Sheppard's [the victim] dying declaration in this case proved this case beyond a reasonable doubt" and "Defense say the police did a shoddy job. The police have got the murderer and he's sitting right there."

To sustain a claim of improper prosecutor comments during closing, Defendant must prove that the comments deprived Defendant of a fair and impartial trial, materially contributed to the conviction, constituted fundamental error or were so inflammatory that the comments influenced the jury. See Lopez v. State, 555 So. 2d 1298 (Fla. 3d DCA 1990). Upon review of the record, the Court finds that the prosecutor's comments, including the ones cited by Patterson, did not deprive Defendant of a fair and impartial trial. (Trial transcript, pgs. 354-64 and 379-396). Additionally, in light of all the evidence, the comments did not materially contribute to the conviction or constitute fundamental error. Finally, the comments were not of such an inflammatory nature as to unduly influence the jury. Therefore, the Court finds that the prosecutor's comments were not improper and Defendant has not proven that counsel was deficient in failing to object. This claim is without merit.

Ground three does not warrant habeas corpus relief.

Ground Four

Ground Four: Trial Court's Refusal to Strike Juror Maller

Patterson contends that the trial court improperly refused to strike Juror Maller. This claim has no merit. During voir dire, one of the jury venire came forward and reported that she bad an unusual discussion with Juror Maller, wherein Maller indicated that she could not understand how Patterson could "look so cool after what he's done." (Trial transcript p. 97-100). This comment was allegedly made before any evidence had been presented in the trial. The trial court properly conducted an investigation, asking Juror maller whether she in fact had made such comments. Juror Maller denied having done so. (Trial transcript p. 105).

Other members of the venire were also queried on the subject, and no other venire member reported having heard the conversation described by panel member Antonivich. (Trial transcript p. 106-107). After conducting this inquiry, the trial court concluded that there was no cause for striking the juror.

The conduct of voir dire is the responsibility of the trial judge, and particularly under circumstances such as these, where it is necessary to determine the relative credibility of various witnesses to a given event, it is necessary to grant the trial judge the benefit of the presumption of correctness. It is impossible for this Court to make a valid assessment from the cold record as to which witness was the more credible; it is for this reason that this Court relies on the state trial court judge's making the assessment. There is nothing in the record to warrant a finding that the state trial court

abused its discretion in deciding not to strike Juror Maller.  <u>Dovle v. State</u>, 460 So. 2d 353 (Fla. 1984).

Ground four does not warrant habeas corpus relief.

Patterson has not shown that, pursuant to the AEDPA, any of the state court decisions (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Accordingly, the Court orders:

That Patterson's petition for writ of habeas corpus is dismissed, with prejudice. The Clerk is directed to enter judgment against Patterson and to close this case.

ORDERED in Tampa, Florida, on July 19, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Counsel of Record

Jamie Patterson